UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN PRESTON FARMER,

      Plaintiff,

Case No. 1:14-cv-85

Hon. Robert J. Jonker

v.

INGHAM COUNTY SHERIFF
DEPARTMENT, *et al.*,

      Defendants.

_____/

# REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a state prisoner in the custody of the Michigan Department of Corrections (MDOC). The present action involves an incident which allegedly occurred while plaintiff was housed at the Ingham County Jail. This matter is now before the Court on defendants' motion for summary judgment (docket no. 11).

## I. Plaintiff's complaint

Plaintiff's complaint seeks relief against the Ingham County Sheriff's Department, Ingham County Sheriff Gene Wrigglesworth ("Sheriff Wrigglesworth"), "Unknown Parties #1" (Ingham County Sheriff Deputies), and "Unknown Parties #2" (Ingham County Sheriff Department Health Care Nurses). *See* Compl. (docket no. 1). By way of background, the Court denied plaintiff's motion to amend the case caption to include 23 new defendants. *See* Order (docket no. 62). In denying the motion, the Court noted that "[w]hile some of these individuals may be the unknown parties referenced in plaintiff's complaint, plaintiff did not provide any explanation for adding these particular individuals as defendants." *Id.*

The allegations in the complaint are summarized as follows. On October 14, 2013 plaintiff was brought on writ from the MDOC's Gus Harrison Correctional Facility in Adrian, Michigan to the Ingham County Jail to begin his felony trial in state court. All of plaintiff's medication was sent with him to the jail, including heart medication which he takes twice a day. On October 16, 2013, plaintiff asked the first shift intake deputies to call the healthcare jail nurses and ask them to bring his heart medication so he could take it before leaving for the trial. The deputies told plaintiff that he could get the medication when he returned from court later that evening. After he arrived at the courthouse, plaintiff told the holding cell sergeant that the intake deputies and nurses at the jail would not give him his heart medication and to please call the jail and ask them to bring the medication to him. However, the sergeant never called for the medication. While in the holding cell around 9:00 a.m., plaintiff started to go into atrial fibrillation and could not convert to normal rhythm. Plaintiff told his defense counsel that he was not feeling well, that the deputies and nurses did not give him his heart medication before leaving for court earlier that morning, and that the deputies and nurses told plaintiff that he would get the medication when he returned to the jail that evening. Plaintiff's symptoms got worse with no relief.

When plaintiff returned to the jail at about 6:00 p.m., he told the second shift intake deputies that he was having medical problems with his heart. They told plaintiff to sit down and be quiet. Plaintiff saw a sergeant and told her that he needed help because the deputies and nurses did not give him his heart medication, that he was having heart problems and that he needed immediate help. The sergeant told the deputies to call 911. Paramedics came to the jail, assessed plaintiff and took him to the hospital. Plaintiff was admitted into the cardiac unit, where he stayed for three days. Based on these allegations, plaintiff contends that defendants neglected him and denied him heart

medication, causing him serious medical problems. He seeks relief for violation of his federal constitutional rights under 42 U.S.C. § 1983, and also claims that defendants violated state law by committing medical malpractice and police misconduct.

## II. The Ingham County Sheriff's Department

As an initial matter, under 28 U.S.C. § 1915A, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. Here, plaintiff's claims against the Ingham County Sheriff's Department fail because the department "is not a legal entity subject to suit." *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). This defendant is a department of the county, and, thus, Ingham County is the appropriate party to address plaintiff's suit. *See LaPlante v. Lovelace*, No. 2:13-cv-32, 2013 WL 5572908, at *2 (W.D. Mich. Oct. 9, 2013) (claim against the Marquette County Sheriff's Department construed to be a claim against Marquette County, "which governs the jail, and is an entity that is a 'person' that may be sued under § 1983"). Accordingly, plaintiff's claim against the Ingham County Sheriff's Department should be dismissed pursuant to § 1915A. Plaintiff, however, should be allowed to amend his complaint to name Ingham County as a defendant.

## III. Legal standard for summary judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

>   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

>   The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### IV.   Plaintiff's Eighth Amendment claim

#### A.   Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.  *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984);  *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws

4

of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff has alleged that defendants were deliberately indifferent to his serious medical needs. It is well established that an inmate has a cause of action under § l983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (l976).[1] A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Id.* at 8-9. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* at 9.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the

---

[1] Although plaintiff was being held at the jail for his trial in state court, he was not a pretrial detainee, but rather an MDOC prisoner temporarily housed at the Ingham County Jail. For this reason, the Court views his § 1983 claim as arising under the Eighth Amendment. However, even if plaintiff were a pretrial detainee, he could bring a claim under § 1983 for deliberate indifference to his serious medical needs. "The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs. Pretrial detainees are analogously protected under the Due Process Clause of the Fourteenth Amendment. Whether a convicted prisoner or a pretrial detainee, deliberate indifference to one's need for medical attention suffices for a claim under 42 U.S.C. § 1983." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (internal citations omitted).

subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Mere negligence in diagnosing or treating a medical condition does not constitute an Eighth Amendment violation. *Id.* at 835. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

In this case, plaintiff alleged that defendants were deliberately indifferent to his serious medical needs because they delayed his treatment by failing to provide him one dose of heart medication. Where a plaintiff alleges that a delay in treatment caused injury, he must show that the defendant was aware of his obvious and serious need for medical treatment and delayed the medical treatment of that condition for non-medical reasons. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir.2004). In such cases, to demonstrate that an alleged delay in medical treatment rose to the level of a federal constitutional violation, the plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir.2001) (internal quotation marks omitted).

**B.     Plaintiff's delay in treatment by jail personnel**

The gist of defendants' argument is that the "failure to administer one dose of medication does not impose liability on jail officials, particularly where, as here, the Plaintiff did not present any medical evidence that the brief delay (9-10 hours) in medical treatment caused any serious injury or other detrimental effects." Defendants' Brief (docket no. 45, PageID.344). In

6

support of their motion, defendants point out that the incident occurred on October 15, 2013, not on October 16, 2013 as alleged by plaintiff. *See* Jail incident report (docket no. 45-10); Medical Record (docket no. 45-11). In addition, defendants presented a letter from Michael J. James, D.O. in which the doctor stated that based on his experience in treating atrial fibrillation: there are frequent recurrences; the overall success rate of keeping patients in normal rhythm is only 50% despite aggressive pharmacologic therapy as well as some type of surgical procedures; atrial fibrillation does not produce any cardiac damage long term; and based on his review of plaintiff's case "it is possible that the missed dose contributed to his atrial fibrillation, but considering that the half-life of the drug is as long as 17 hours, it may have had nothing to do with the missed dose and may have been due to the stress of the trial." Dr. James Letter (docket no. 17-6). In this regard, on the morning in which plaintiff suffered the episode of atrial fibrillation, he was certainly under stress, facing multiple felony charges at a trial which resulted in convictions and five sentences, with the longest being a term of 75 to 100 years imprisonment. *See* MDOC Offender Profile (docket no. 45-3).

In his response, plaintiff included a declaration which, contrary to his complaint, stated that he missed two doses of medicine, those being on October 14, 2013 and October 15, 2013. *See* Farmer Decl. (docket no. 51, PageID.462). Plaintiff set forth additional facts in the declaration as follows. He arrived at the Ingham County Jail on October 14, 2013. *Id.* at PageID.462-463. At 5:00 a.m. on October 15, 2013, he was taken from his cell to await transportation to the courthouse. *Id.* Neither of the two jail healthcare workers who worked on the evening of October 14, 2013, Jenny Hampton, R.N. and Christina Moore ("medication associate"), inspected his heart medication. *Id.* at PageID.463.

Plaintiff identified the following deputies who interacted with him on October 15, 2013: Jason Holmes (plaintiff asked him to call the nurses to bring him his medication but Holmes forgot to call); Jennifer Miller (plaintiff asked her to call the nurses and "she kept walking by"); Robert Beaune (plaintiff asked him to call nurses); and Robert Ottke (plaintiff asked him to call nurses, but Ottke told plaintiff that the nurses did not start to work until 9:00 a.m., that he would get his medications when he returned from court, that he would be fine without it until then, and that he would not call healthcare). *Id.* at PageID.464.

Once he arrived at the courthouse at about 8:15 a.m., plaintiff was placed in a holding cell. *Id.* at PageID.465. Plaintiff interacted with the following individuals at the courthouse: Deputy Harrison (plaintiff told her he needed heart medication and she said he would have to wait until he returned to the jail later that evening, and later complained to her that he was having chest pains and shortness of breath, that he needed medical help and needed to speak to her sergeant (Andrina Morence)); Deputy Beson (when the deputy was making a round of the holding cells, plaintiff told Beson that he was having chest pains and shortness of breath, and needed medical help, but Beson told him to take deep breaths and relax because he was probably having anxiety issues); and, Sergeant Andrina Morence (plaintiff asked her to call the Sheriff's Department and have his medication brought to him, the sergeant said she would look into it, but never came back to the holding cell). *Id.* at PageID.465-466.

When he returned to the jail, plaintiff had the following interactions with jail personnel: Deputy Ottke (plaintiff told the deputy that he was having chest pains, shortness of breath, atrial fibrillation, received no heart medication or medical help while at the courthouse holding cells, and was in serious medical distress, but the deputy told him to sit down and be quiet); Deputy Jason

8

Holmes (the deputy told Deputy Ottke "there's nothing wrong with [plaintiff] he's just faking just like all the other prisoners with chest pains", but plaintiff told Holmes that he was serious and needed help); Deputy Charmane Hawkins (Hawkins told Deputy Ottke to call 911 after plaintiff told Hawkins that he was in serious cardiac distress, that he had no medications the entire day, and that the other deputies were not helping him,). *Id.* at PageID.467-468.

Both parties have submitted evidence establishing that the incident at the jail occurred during the morning of October 15, 2013, rather than October 16, 2013 as alleged in the complaint. Based on the parties' submission, and viewing the evidence in the light most favorable to the non-moving party (plaintiff), the Court concludes that genuine issues of material fact exist with respect to plaintiff's Eighth Amendment claim arising from a delay in treatment. Plaintiff's declaration indicates that a number of jail personnel were aware of an obvious and serious need for medical treatment and that they delayed the treatment for non-medical reasons. *See Blackmore*, 390 F.3d at 899. In addition, plaintiff has presented some verifying medical evidence to establish the detrimental effect of the delay in medical treatment. *See Napier*, 238 F.3d at 742. It is undisputed that plaintiff was admitted to the hospital as an inpatient for atrial fibrillation on October 15, 2013, the date on which he missed the morning dose of his heart medication. *See* Medical Records (docket no. 45-11). In addition, defendants presented evidence from a physician, Dr. James, that plaintiff's episode of atrial fibrillation may have been related to the missed dose of medication or the stress of the trial. *See* Dr. James Letter (docket no. 17-6).

In summary, there appears to be some factual basis to support plaintiff's deliberate indifference claim against the jail personnel who failed to address plaintiff's condition. As discussed, plaintiff's complaint refers to these individuals as unknown defendants. However,

plaintiff's declaration filed in response to the motion for summary judgment has identified these unknown defendants as Jenny Hampton, R.N., Christina Moore ("medication associate"), Deputy Jason Holmes, Deputy Jennifer Miller, Deputy Robert Beaune, Deputy Robert Ottke, Deputy Harrison, Deputy Beson and Sergeant Andrina Morence. At this juncture, plaintiff should be allowed to amend his complaint to identify these previously unknown defendants and set forth his specific claims against them. Accordingly, defendants' motion for summary judgment should be denied with respect to plaintiff's claims against these previously unknown defendants. However, for the reasons as discussed in § IV.C., the motion should be granted as to defendant Sheriff Wrigglesworth.

### C.  Sheriff Wrigglesworth

While plaintiff has named Sheriff Wrigglesworth as a defendant, he has neither alleged nor presented any evidence which supports a claim against the Sheriff. As a basic matter of pleading, a plaintiff must attribute factual allegations to particular defendants. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrections Corporation of America*, 92 Fed. Appx. 188, 190 (6th Cir. 2004). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). *See also*, *Webb v. Caruso*, 1:06-cv-3, 2006 WL 416261 at *4 (W.D. Mich. Feb. 22, 2006) ("[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject

to dismissal, even under the liberal construction afforded to pro se complaints"). Accordingly, defendant Sheriff Wrigglesworth should be granted summary judgment.

## V. Recommendation

For these reasons, I respectfully recommend that defendants' motion for summary judgment (docket no. 44) be **GRANTED** as to defendant Sheriff Wrigglesworth and **DENIED** in all other respects.

I further recommend that defendant Ingham County Sheriff's Department be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

I further recommend that plaintiff be given **21 days** to file an amended complaint which sets forth his specific claims against Ingham County and the unknown defendants who have now been identified as Jenny Hampton, Christina Moore, Deputy Jason Holmes, Deputy Jennifer Miller, Deputy Robert Beaune, Deputy Robert Ottke, Deputy Harrison, Deputy Beson and Sergeant Andrina Morence.


Dated:  November 23, 2015          /s/ Ray Kent
                                   RAY KENT
                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).