UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN PRESTON FARMER #183535,

    Plaintiff,

v.

    CASE NO. 1:14-cv-85

    HON. ROBERT J. JONKER

INGHAM COUNTY SHERIFF DEPARTMENT,
GENE WRIGGLESWORTH, UNKNOWN
PARTIES #1, UNKNOWN PARTIES # 2,

    Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

### I. Background

In this case, Plaintiff alleges violations of the Eighth Amendment stemming from his medical care while in the custody of Ingham County. Plaintiff asserts that he missed at least one dose of a heart medication, and that the missed dose likely spurred an episode of atrial fibrillation, for which he was admitted to inpatient care at a cardiac unit of a hospital. Defendants have moved for summary judgment. (docket # 44).

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 66) that recommends: 1) granting summary judgment as to Defendant Sheriff Wrigglesworth, 2) dismissing Defendant Ingham County Sheriff's Department, 3) denying the motion for summary judgment in all other respects, and 4) providing Plaintiff with 21 days in which to file an amended complaint that names appropriate parties. Plaintiff has not objected to the report, and Defendants have objected to the third and fourth recommendations. (docket # 67).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review in this case, the Court concludes that the Report and Recommendation is legally sound and factually correct, and the Court therefore adopts it as its decision.

## II.  Recommendations to Grant and Dismiss

The Report recommends granting summary judgment as to Defendant Sheriff Wrigglesworth and dismissing as a defendant Ingham County Sheriff's Department (docket # 66, PageID.639). No party has objected to those recommendations, the Court finds them to be legally sound and factually correct. They are therefore adopted by the Court.

## III.  Defendants' Objections

Defendants have objected to the Magistrate Judge's recommendations to deny the motion for summary judgment in all other respects, and to allow the Plaintiff to amend his complaint. (docket # 67). In essence, Defendants disagree with the Magistrate Judge's finding that a reasonable jury could find that Plaintiff's Eighth Amendment rights were violated. Very few of Defendants'

objections directly address the Report and Recommendation. Instead, Defendants reargue their motion for summary judgment. This is not proper. An objecting party is obligated to object specifically, and the Court is obligated to address only those specific objections. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The Court therefore focuses on the portions of the objections that directly address the Magistrate Judge's findings and recommendations.

### A) Recommendation to Allow Plaintiff 21 Days in Which to Amend Complaint

Defendants "recognize that correcting the pleadings to identify an appropriate date ought to be a trivial matter . . . " (Obj., docket # 67, PageID.642). The Court likewise notes that correcting the pleadings to identify known parties, who were previously listed as "Unknown Party # 1: deputies" and "Unknown Party # 2: nurses," ought to be a trivial matter. Defendants point out that Plaintiff had previously moved to amend the list of Defendants (docket # 33), and the Magistrate Judge had denied it. (docket # 62, PageID.623). But at the time, Plaintiff "did not provide any explanation for adding these particular individuals as defendants." (docket # 62, PageID.623). Accordingly, the Magistrate Judge found that at that stage, under Fed. R. Civ. P. 15(a)(2), justice did not require leave to amend the pleadings. (docket # 62, PageID.623).

At this stage, Plaintiff has provided a declaration that explains the role of certain deputies and healthcare workers involved in providing him care in October 2013. (Farmer decl., docket # 51). The Court finds that justice does require leave under Fed. R. Civ. P. 15(a)(2) for this *pro se* Plaintiff to amend his complaint to correct the date of the incident and add the proper names of parties who were previously listed as Unknown Party # 1 and Unknown Party # 2. The Court finds justice requires leave to amend here even when disregarding evidence in the declaration that contradicts statements

3

in earlier pleadings. (*Compare* Compl., docket # 1, PageID.3 (alleging one missed dose of heart medication); *with* Farmer decl., docket # 51, PageID.462 (alleging two missed doses of heart medication)).

Defendants also object to the recommendation that Plaintiff be allowed to add Ingham County as a defendant, stating that any such claim would be doomed to fail. (Obj., docket # 67, PageID.657). The Court finds the argument premature, as the Plaintiff has not yet had an opportunity to express his claim against Ingham County. In denying or deferring prescribed medication, perhaps individual Defendants were simply following Ingham County policy. There may be a viable claim against Ingham County, and if not, then the Court will address it once the issue is properly before it. First, the Plaintiff must have an opportunity to amend his complaint to add the claim.

### B. Recommendation to Deny Summary Judgment as to Other Defendants

The Magistrate Judge concluded that "genuine issues of material fact exist with respect to plaintiff's Eighth Amendment claim arising from a delay in treatment." (R&R, docket # 66, PageID.637). Jail personnel "were aware of an obvious and serious need for medical treatment and . . . they delayed the treatment for non-medical reasons." (R&R, docket # 66, PageID.637). The record contains verifying medical evidence, such as hospital records (docket # 45-11), and a cardiologist' letter submitted by Defendants (docket # 45-17). Defendants interpret Dr. James' unverified letter as saying "Plaintiff was never at risk of serious harm, and, in fact, suffered no serious harm." (Obj., docket # 67, PageID.650). Yet the letter itself ties, in a probabilistic sense, the missed dose of heart medication to the atrial fibrillation. (docket # 45-17, PageID.416) ("it is very possible that the second dose of Sotalol being missed contributed to his atrial fibrillation . . ."). When combined with the hospital records that indicate a serious enough situation to require admission for

4

three days of inpatient care, the Court agrees with the Report and Recommendation that there are genuine issues of material fact as to Plaintiff's deliberate indifference claim.

Moreover, this is a unique category of delayed treatment cases. Here, a medical professional already made a medical judgment that Plaintiff needed particular care, and did so in the form of prescribing medication on a specific schedule. The claim here is that Defendants knew and disregarded that, effectively preventing Plaintiff from getting the treatment previously deemed medically necessary.

**IT IS THEREFORE ORDERED THAT:**

- Defendants' Objections (docket # 67) are OVERRULED.

- The Report and Recommendation of the Magistrate Judge (docket # 66) is APPROVED and ADOPTED as the opinion of this Court.

- Defendant's Motion for summary judgment (docket # 44) is GRANTED as to Defendant Gene Wrigglesworth, and DENIED in all other respects.

- Defendant Ingham County Sheriff Department is DISMISSED from the case.

- The Plaintiff has 21 days from the entry of this Order in which to file an Amended Complaint.

/s/Robert J. Jonker
Robert J. Jonker
Chief United States District Judge

Dated:  March 31, 2016